IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| ROBERT L. TAYLOR, | ) | CIV. NO. 13-00277 JMS-KSC |
|---|---|---|
| Plaintiff, | ) ) ) | ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT WITH LEAVE TO AMEND |
| vs. | ) ) ) | |
| MARISA BURGESS-SUNTIMER, COL. TODD BRIERE, MR. WILLIAM BUTLER, and DEPARTMENT OF THE ARMY, | ) ) ) ) ) | |
| Defendants. | ) ) ) | |

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT WITH LEAVE TO AMEND**

**I. INTRODUCTION**

On May 31, 2013, pro se Plaintiff Robert L. Taylor ("Plaintiff") filed this action asserting that he accepted a position for "Decedent Affairs Assistant" at Fort Shafter, Hawaii which was improperly advertised, that he was lied to so that he would accept the position, and that his position should be at a higher grade.

Currently before the court is Defendants Marisa Burgess-Suntimer, Col. Todd Briere, Mr. William Butler, and the Department of the Army's (collectively, "Defendants") Motion to Dismiss the Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Defendants argue that

the Amended Complaint is pled in such conclusory fashion that Plaintiff has failed to establish this court's jurisdiction or the basis of his claims. Based on the following, the court agrees and GRANTS Defendants' Motion to Dismiss, with leave for Plaintiff to file a Second Amended Complaint.

## II. **BACKGROUND**

A.  **Factual Background**

As alleged in Plaintiff's January 31, 2014 Amended Complaint, in June 2008, Plaintiff applied for and accepted a job for "decedent affairs assistant" at Fort Shafter, Hawaii. Doc. No. 22, Am. Compl. at 3. Plaintiff asserts that he questioned whether the position was properly advertised, and it was only after he accepted the position and moved to Hawaii that Plaintiff realized that "I was correct, and they had lied to get me here." *Id.* at 4. Although unclear, Plaintiff also appears to assert that the position should be classified at a higher grade. In particular, Plaintiff asserts that Defendants "have been trying to rewrite my job description" to deduct information so that the job will be approved at a lower grade and that Defendants will not be liable for back pay. *Id.*

Plaintiff seeks back pay, compensatory damages, pre- and post-judgment interest, as well as "damages for carrying a very active illegal hospital pager, which put me on call for 24 hours a day, 7 days a week, 365 days out of the

year," causing sleep deprivation, post traumatic stress syndrome, and sleep apnea. *Id.* at 3. In total, Plaintiff seeks $650,000 in damages. *Id.*

**B.     Procedural Background**

Plaintiff filed his Complaint on May 31, 2013, and filed his Amended Complaint on January 31, 2014.[1]  Doc. No. 22.

On October 17, 2014, Defendants filed their Motion to Dismiss. Doc. No. 42. On November 17, 2014, Plaintiff filed a document titled "First Amended Complaint in Response to Attorney for the Defendants(s)," Doc. No. 51, which the court construes as Plaintiff's Opposition to the Motion. In particular, the court construes Plaintiff's filing as an Opposition because (1) Plaintiff has already filed one Amended Complaint, *see* Doc. No. 22, (2) Plaintiff did not seek (and was not granted) leave to file a Second Amended Complaint, (3) Plaintiff filed this document on the date his Opposition to the Motion to Dismiss was due, and (4) the title of the filing suggests it is in response to Defendant's Motion to Dismiss. On November 24, 2014, Defendants filed a Reply. Doc. No. 53.

Pursuant to Local Rule 7.2(d), the court finds this matter suitable for

---

[1] Plaintiff also made other submissions, apparently seeking to include additional information regarding his claims. *See* Doc. No. 6 ("Sufficient Factual Matter/Additional Exhibits to Complaint"); Doc. No. 8 ("Statement of the Claim"); Doc. Nos. 10, 12-14, 19 (various letters to the court). Plaintiff was subsequently advised to discontinue filing documents pertaining to the case when there are no matters currently pending. Doc. No. 20.

disposition without a hearing.

### III. STANDARDS OF REVIEW

**A.    Pro Se Pleadings**

Because Plaintiff is proceeding pro se, the court liberally construes his pleadings. *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)). The court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000).

**B.    Rule 12(b)(1)**

Federal Rule of Civil Procedure 12(b)(1) authorizes a court to dismiss claims over which it lacks proper subject matter jurisdiction. The court may determine jurisdiction on a motion to dismiss for lack of jurisdiction under Rule 12(b)(1) so long as "the jurisdictional issue is [not] inextricable from the merits of a case." *Kingman Reef Atoll Invs., L.L.C. v. United States*, 541 F.3d 1189, 1195 (9th Cir. 2008). The moving party "should prevail [on a motion to dismiss] only if

the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Casumpang v. Int'l Longshoremen's & Warehousemen's Union*, 269 F.3d 1042, 1060-61 (9th Cir. 2001) (citation and quotation marks omitted); *Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001).

"A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack such as the case here, the court may dismiss a complaint when its allegations are insufficient to confer subject matter jurisdiction. When the allegations of a complaint are examined to determine whether they are sufficient to confer subject matter jurisdiction, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *Carson Harbor Vill., Ltd. v. City of Carson*, 353 F.3d 824, 826 (9th Cir. 2003). In a facial attack on jurisdiction, the court limits its analysis to the allegations of and the documents attached to the complaint. *Savage v. Glendale Union High Sch. Dist. No. 205*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).

## C.    Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss a claim for "failure to state a claim upon which relief can be granted[.]" A Rule

5

12(b)(6) dismissal is proper when there is either a "'lack of a cognizable legal theory or the absence of sufficient facts alleged.'" *UMG Recordings, Inc. v. Shelter Capital Partners, LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

Although a plaintiff need not identify the legal theories that are the basis of a pleading, *see Johnson v. City of Shelby, Mississippi*, 574 U.S. ----, 2014 WL 5798626, at *1 (Nov. 10, 2014) (per curiam), a plaintiff must nonetheless allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008). This tenet -- that the court must accept as true all of the allegations contained in the complaint -- "is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.").

Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). In other words, "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8. *Iqbal*, 556 U.S. at 679.

## IV. DISCUSSION

### A. Defendants' Motion to Dismiss

Defendants argue that the Amended Complaint fails to set forth the legal basis of Plaintiff's claims, and as a result, Plaintiff has not established a basis for the court's jurisdiction where the United States is named as a Defendant. Based on the following, the court agrees.

"Suits against the [federal] government are barred for lack of subject matter jurisdiction unless the government expressly and unequivocally waives its sovereign immunity." *Mills v. United States*, 742 F.3d 400, 404 (9th Cir. 2014) (citing *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994); *Tobar v.*

*United States*, 639 F.3d 1191, 1195 (9th Cir. 2011)). In order to establish subject matter jurisdiction against the United States, there must be: (1) "statutory authority vesting a district court with subject matter jurisdiction;" and (2) "a waiver of sovereign immunity." *Alvardo v. Table Mountain Racheria*, 509 F.3d 1008, 1016 (9th Cir. 2007). Plaintiff has the burden of establishing both elements of subject matter jurisdiction. *Dunn & Black P.S. v. United States*, 492 F.3d 1084, 1087-88 (9th Cir. 2007).

Plaintiff names as Defendants the Department of the Army and several of its employees, and as a result, Plaintiff has the burden to establish that the United States has waived sovereign immunity as to Plaintiff's claims. Plaintiff's claims, however, are alleged in such conclusory fashion that the court cannot discern the legal basis of Plaintiff's claims. For example, the Amended Complaint lists a number of Defendants, yet Plaintiff never explains what each Defendant did that is the basis of Plaintiff's claims. The Amended Complaint also makes vague allegations that his position "was not advertised properly," that he was lied to so he would accept it, that he was he was required to carry "a very active illegal hospital pager," and that his job was approved at a lower grade than it should be, yet the Amended Complaint includes no facts fleshing out these allegations. As a result, the Amended Complaint leaves both Defendants and the

8

court to guess as to the legal basis of Plaintiff's claims. Such vague allegations certainly fail to state a claim to relief that is plausible on its face as required by Rule 12(b)(6), and fail to provide a basis for the court's jurisdiction.

In opposition, Plaintiff provides more factual detail regarding the basis of his claims, and argues that he is asserting claims for breach of contract and fraudulent misrepresentation. Even if Plaintiff's Amended Complaint included allegations of breach of contract and fraudulent misrepresentation (the court considers only those allegations contained in the Amended Complaint), they would still be insufficient to establish the court's jurisdiction.

In particular, to the extent Plaintiff is attempting to assert a fraudulent misrepresentation claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346, Plaintiff has still failed to establish this court's jurisdiction. To proceed with a tort claim against the United States, Plaintiff must meet two requirements: (1) he must file a claim with the appropriate federal agency within two years of the claim's accrual; and (2) he must file suit within six months of administrative denial of the claim. 28 U.S.C. § 2401(b). The court lacks jurisdiction over Plaintiff's claim absent compliance with both of these requirements, and Plaintiff does not assert that he meets them. *See Valadez-Lopez v. Chertoff*, 656 F.3d 851, 855 (9th Cir. 2011) (explaining that the requirement to file an administrative claim

before filing an FTCA suit is jurisdictional); *Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000) (same).

Further, the FTCA does not permit fraudulent misrepresentation claims -- a fraudulent misrepresentation claim is barred by 28 U.S.C. § 2680(h), which specifically excludes "[a]ny claim arising out of . . . misrepresentation, deceit, or interference with contract rights" from liability under the FTCA. *See Pauly v. U.S. Dep't of Agric.*, 348 F.3d 1143, 1151 (9th Cir. 2003). "The Supreme Court has held that the retention of sovereign immunity under [§ 2680(h)] covers both claims of negligent misrepresentation and claims of fraudulent misrepresentation." *Id.* (citing *United States v. Neustadt*, 366 U.S. 696, 702 (1961)). As a result, even if the Amended Complaint asserted a fraudulent misrepresentation claim, it would not provide a basis for the court's jurisdiction.

As to a breach of contract claim, "Congress has effected a limited waiver of sovereign immunity in such suits pursuant to the Tucker and Little Tucker Acts." *Munoz v. Mabus*, 630 F.3d 856, 863 n.5 (9th Cir. 2010). In particular, the Tucker Act, 28 U.S.C. § 1491, provides that the Court of Federal Claims has exclusive jurisdiction of contract claims against the United States seeking damages in excess of $10,000. *See* 28 U.S.C. § 1491(a)(1); *see also United States v. Park Place Assocs.*, 563 F.3d 907, 927 (9th Cir. 2009).

The Little Tucker Act, 28 U.S.C. § 1346(a)(2), "confers concurrent jurisdiction in the district courts for certain contract claims against the United States, but the Little Tucker Act's jurisdictional grant is limited to claims for money damages 'not exceeding $10,000 in amount.'" *Park Place Assocs.*, 563 F.3d at 927 (quoting 28 U.S.C. § 1346(a)(2)). "Parties may waive their right to receive more than $10,000 in order to satisfy the Little Tucker Act and obtain jurisdiction in the district court." *Id.*

Because Plaintiff's Amended Complaint seeks $650,000 in damages, the court does not have jurisdiction over a breach of contract claim and Plaintiff would need to assert it before the Federal Court of Claims. Alternatively, Plaintiff could waive his right to receive more than $10,000 to proceed in this court on a breach of contract claim. As currently pled, however, the court does not have jurisdiction over such claim. The court therefore GRANTS Defendants' Motion to Dismiss the Amended Complaint.

**B. Leave to Amend**

Plaintiff's pleadings and Opposition to Defendants' Motion to Dismiss fail to provide any viable basis for this court's jurisdiction. Plaintiff is, however, appearing pro se and the Federal Rules of Civil Procedure contemplate that leave to amend "shall be freely given when justice so requires," and that

11

"[t]his policy is 'to be applied with extreme liberality.'" *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citations omitted). Although the court has significant doubts that Plaintiff will be able to file a Second Amended Complaint providing a basis for the court's jurisdiction, the court will nonetheless provide Plaintiff an opportunity to file a Second Amended Complaint by January 5, 2015.

To be clear, the Amended Complaint both failed to provide a basis of the court's jurisdiction, and failed to include sufficient factual allegations to state a plausible claim for relief. In filing a Second Amended Complaint, Plaintiff must correct both these deficiencies.

In particular, if Plaintiff chooses to file a Second Amended Complaint, Plaintiff must provide a basis for the court's jurisdiction. If Plaintiff wishes to proceed under a breach of contract theory, he will need to waive his claim in excess of $10,000 for this court to have jurisdiction. Alternatively, Plaintiff may file his Complaint in the Court of Federal Claims.[2] And if Plaintiff wishes to proceed under a different theory before this court to provide a basis for jurisdiction, the Second Amended Complaint must allege sufficient facts

---

[2] If Plaintiff wishes to file a complaint with the Court of Federal Claims, its website provides information for pro se litigants, as well as steps for filing a complaint. *See* http://www.uscfc.uscourts.gov/filing-a-complaint (last accessed December 3, 2014).

establishing the basis of such claim.  For example, if Plaintiff bases this court's jurisdiction on the FTCA (other than a fraudulent misrepresentation claim), the Second Amended Complaint must include sufficient factual allegations establishing that he has complied with the administrative requirements for bringing this claim, and that he is asserting a viable FTCA claim.

To allege sufficient factual allegation to state a plausible claim for relief, Plaintiff must clearly state how each named Defendant has injured him.  Plaintiff should explain, in clear and concise allegations, what each Defendant did and how those specific facts create a plausible claim for relief.  In other words, to provide proper notice, a Second Amended Complaint should allege necessary facts against specific Defendants, *i.e.*, tie each claim to a Defendant or specific Defendants and explain how each Defendant is liable.  A Second Amended Complaint must avoid alleging a particular violation against all Defendants without specifying what acts were committed by each Defendant.

In sum, should Plaintiff choose to file a Second Amended Complaint, he must write short, plain statements telling the court: (1) the statutory right he believes was violated; (2) the specific basis of this court's jurisdiction; (3) the name of the defendant who violated that right; (4) exactly what that defendant did or failed to do; (5) how the action or inaction of that defendant is connected to the

violation of Plaintiffs' rights; and (6) what specific injury Plaintiff suffered because of that defendant's conduct.

A Second Amended Complaint will supersede the prior pleadings and must be complete in itself without reference to prior superseded pleadings. *E.g.*, *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled in part by Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012) (en banc). Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint." Plaintiff may include only one claim per count, and must comply with Federal Rule of Civil Procedure 10(b), requiring a party to state "its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Thus, a Second Amended Complaint should be presented in paragraph form, with each paragraph including a single fact and/or allegation to which a defendant may respond.

## V. **CONCLUSION**

Based on the above, the court GRANTS Defendants' Motion to Dismiss Plaintiff's Amended Complaint, with leave for Plaintiff to file a Second Amended Complaint consistent with this Order by January 5, 2015. Failure to file

///

///

a Second Amended Complaint by January 5, 2015 will result in dismissal of this action.

        IT IS SO ORDERED.

        DATED: Honolulu, Hawaii, December 3, 2014.



    /s/ J. Michael Seabright
    J. Michael Seabright
    United States District Judge

*Taylor v. Dep't of the Army, et al.*, Civ. No. 13-00277 JMS-KSC, Order Granting Defendants' Motion to Dismiss Plaintiff's Amended Complaint with Leave to Amend

15